# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KYLE SWERDLOW, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LEMONADE INSURANCE AGENCY, LLC, <br><br> Defendant. | Case No. 21 cv 4525 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, and 1446, Defendant Lemonade Insurance Agency LLC. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

### I. Threshold Requirements

1. On July 22, 2021, Plaintiff Kyle Swerdlow ("Plaintiff") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, captioned *Kyle Swerdlow v. Lemonade Insurance Agency, LLC*, No. 2021-CH-03583 (the "State Court Action").

2. Defendant was served with a copy of the Complaint and Summons in the State Court Action through its registered agent on August 4, 2021.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date that Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.

5.  Plaintiff alleges that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), through the use of Defendant's digital insurance application. (Ex. 1 ("Compl."), ¶¶ 4-5, 33-35). Specifically, Plaintiff alleges that Defendant "captures, uploads, stores and disseminates app users' facial geometry and related biometrics without complying with BIPA's requirements" and "failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained" and failed to "provide a written, publicly available retention schedule and guidelines for permanently destroying the biometric identifiers and/or biometric information." (Compl. ¶¶ 9, 41-42). Based on those allegations, Plaintiff asserts one count of alleged violations of BIPA, in both his individual and representative capacity. (Compl. ¶¶ 35-44). Plaintiff seeks to represent a putative class of "[a]ll individuals who had their biometric information and identifiers collected, captured, received, or otherwise obtained and/or stored, by Defendant in Illinois. (Compl. ¶ 30.)

6.  The Seventh Circuit holds there is Article III jurisdiction over BIPA claims like the ones Plaintiffs bring in this case. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (holding there is Article III jurisdiction over claims under Section 15(a) of BIPA where plaintiff alleges unlawful retention of data)[1]; *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (holding there is Article III jurisdiction over Section 15(b) claims).

## II.   Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)

7.  Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more

---

[1] Section 15(a) requires destruction "when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a). Plaintiffs allege that Lemonade failed to maintain retention schedules and guidelines for permanently destroying biometric data. (Compl. ¶¶ 41-42.)

members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interest and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.").[2] Here, all three conditions are satisfied.

8. Plaintiff estimates that the putative class "includes at least thousands of Members." (Compl. ¶ 31.)

9. The class must contain at least two thousand people to constitute "thousands" of persons. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

10. According to the allegations in the Complaint, Plaintiff is a resident and citizen of Illinois. (Compl. ¶ 14).

11. Defendant is a New York limited liability company with its headquarters and principal place of business in New York, New York. Defendant has one member of the LLC who is a citizen of Delaware. (Compl. ¶ 15.)

12. Because Plaintiff is a citizen of Illinois and Defendant is a citizen of Delaware, at least one member of the class of plaintiffs is a citizen of a State different from the defendant as required by 28 U.S.C. § 1332(d)(2)(A).

13. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. §§ 1332(d)(3)–(4).

---

[2] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

14. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

15. Plaintiff seeks "injunctive and equitable relief," "statutory damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, alternatively, statutory damages of $1,000 for each and every violation pursuant to 740 ILCS 14/20(1) if Defendant's violations are found to have been committed negligently" and "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl. ¶ 44.)

16. Because Plaintiff is seeking statutory damages of up to $5,000.00 for each alleged violation, in addition to attorney's fees and unspecific injunctive and equitable relief, and alleges that the number of persons within the class amount to "thousands" of persons—which must be at least two thousand people—the amount in controversy exceeds $5,000,000 as required by 28 U.S.C. § 1332(d)(2).[3]

17. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

### III. Venue

18. Venue is proper in the Eastern Division of the Northern District of Illinois, because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

---

[3] If damages are calculated on a per-person basis and there are at least 2,000 class members, the amount in controversy would be $10,000,000, plus attorneys' fees and the value of other unspecific relief that Plaintiff seeks.

4

19. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff and the Circuit Court of Cook County.

WHEREFORE, Defendant Lemonade Insurance Agency, LLC. hereby removes this civil action to this Court on the bases identified above.

| | |
|---|---|
| Dated: August 24, 2021 | LEMONADE INSURANCE AGENCY, LLC. |
| | By: /s/ Amy L. Lenz |

Bonnie Keane DelGobbo (bdelgobbo@bakerlaw.com)
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing **Notice of Removal** to be served on counsel of record via First Class U.S. Mail and email on August 24, 2021, to:

Gary M. Klinger
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (202) 429-2290
Fax: (202) 429-2294
E-Mail: gklinger@masonllp.com

BURSOR & FISHER, P.A.
Frederick J. Klorczyk III*
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: fklorczyk@bursor.com

BURSOR & FISHER, P.A.
Brittany S. Scott*
1990 N. California Boulevard, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700
Email: bscott@bursor.com

*Attorneys for Plaintiffs & the Proposed Class*

/s/ Amy L. Lenz